**Anthony PALAZZOLO**

v.

**STATE of Rhode Island, By and Through its General Treasurer, Paul J. TAVARES et al.**

No. 98–333–A.

Supreme Court of Rhode Island.

Sept. 25, 2001.

John B. Webster, Providence.

Michael L. Rubin, Brain A. Goldman, Providence.

**O R D E R**

This case came before the Court in conference pursuant to an opinion and judgment of the United States Supreme Court in *Palazzolo v. Rhode Island, et al.,* No. 99–2047, 531 U.S. 923, 121 S.Ct. 296, 148 L.Ed.2d 238, wherein a majority of that Court affirmed in part and reversed in part our opinion of February 25, 2000, reported at 746 A.2d 707, and remanded the case with directions that we examine plaintiff Anthony Palazzolo's "takings" claims under the principles established by the United States Supreme Court in *Penn Central Transp. Co. v. New York City,* 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978). Pursuant to our analysis of the Supreme Court's opinion, we conclude that a remand of the case to the Superior Court for the mandated *Penn Central* analysis will be necessary. Prior to such remand, however, we direct that counsel for the parties submit memoranda to this Court with their suggestions as to the guidelines which should be presented to the Superior Court for consideration on remand. Counsel in their memoranda should offer comment *inter alia* on the following issues for purposes of inclusion in any remand order:

a) the need for a survey of the Palazzolo property in respect to that portion thereof which is below the mean high water line in tidal effect;

b) information regarding the initial purchase price of the property by Shore Gardens, Inc.;

c) the proceeds and/or other consideration received by SGI when 6 of the parcels were sold from the original lands purchased;

d) the relevance of the Public Trust Doctrine as described in *Greater Providence Chamber of Commerce, et al. v. State of Rhode Island,* 657 A.2d 1038 (R.I.1995) to the reasonable investment-backed expectations of plaintiff Palazzolo.

Counsel of course may raise any additional issues which they deem appropriate. The memoranda should be filed within 30 days of the date of this Order.

Chief Justice WEISBERGER (Ret.) participated in the deliberations relative to this Order.

Chief Justice WILLIAMS did not participate.